IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHARON CHANDLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-517-ALM-KPJ |
| | § | |
| KILOLO KIJAKAZI, | § | |
| *Acting Commissioner of Social Security*, | § | |
| | § | |
| Defendant. | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Sharon Chandler's ("Plaintiff") "Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" (the "406(b) Motion") (Dkt. 18). Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), filed a response (Dkt. 20) to the 406(b) Motion (Dkt. 18), and Plaintiff filed a reply (Dkt. 21). For the reasons set forth below, the Court recommends the 406(b) Motion (Dkt. 18) be **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

Counsel for Plaintiff, David F. Chermol, Esq. ("Counsel"), represented Plaintiff in a civil action before the Court for review of the Commissioner's unfavorable decision. On May 16, 2021, Plaintiff filed her brief and requested the Court reverse and remand this matter for additional administrative proceedings. *See* Dkt. 10. On July 15, 2021, the Commissioner filed an Unopposed Motion to Remand (Dkt. 11), wherein the Commissioner requested the Court reverse the final administrative decision in this case and remand for further administrative proceedings. *See* Dkt.

1

11. On July 19, 2021, the Court reversed and remanded the Commissioner's decision for further proceedings. *See* Dkts. 12, 13.

On September 6, 2021, Plaintiff filed the "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (the "EAJA Motion") (Dkt. 14). On October 27, 2021, the Court ordered the Commissioner file a response, if any, to the EAJA Motion (Dkt. 14) no later than November 3, 2021, *see* Dkt. 15; the Commissioner did not file a response. On December 14, 2021, the Court recommended the EAJA Motion (Dkt. 14) be granted and Plaintiff be awarded attorney fees under the Equal Access to Justice Act (the "EAJA") in the amount of $7,400.00 and costs in the amount of $400.00. *See* Dkt. 16. On January 4, 2022, the Memorandum Adopting Report and Recommendation was entered adopting the Court's recommendation, and Plaintiff was awarded attorney fees under the EAJA in the amount of $7,400.00 and costs in the amount of $400.00. *See* Dkt. 17.

On July 18, 2022, the Commissioner mailed Plaintiff the Notice of Award (Dkt. 18-1), wherein the Commissioner stated that Plaintiff was entitled to monthly disability benefits from Social Security beginning March 2020. *See* Dkt. 18-1 at 1. The Commissioner further explained that Plaintiff was owed: $1,885.70 monthly beginning in March 2020; $1,910.20 monthly beginning in December 2020; and $2,022.90 monthly beginning in December 2021. *See id.* The Commissioner further stated Plaintiff's "first check is for $40,529.30" and "[t]his is the money you are due through July 2022." *Id.*

On October 18, 2022, Plaintiff filed the 406(b) Motion (Dkt. 18), wherein Plaintiff represents that "[t]hrough outstanding quality appellate advocacy, counsel convinced this Court to remand this case for additional administrative proceedings. The remand for further administrative proceedings led to an outright award of benefits." *Id.* at 1. Plaintiff represents the attached Notice

of Award indicated the claimant's past due benefits total $54,039.20 and twenty-five percent of that amount is $13,509.80. *See id.* (citing Dkt. 18-1). Plaintiff further provides the fee agreement (the "Fee Agreement") (Dkt. 18-2) between Plaintiff and Counsel, and asserts Section 406(b) and the Fee Agreement provide for a fee of twenty-five percent. *See* Dkt. 18 at 1–2 (citing *Culbertson v. Berryhill*, 138 S.Ct. 517 (2019)). Plaintiff requests the Court "effectuate the EAJA refund here by reducing amount of 406(b) fees sought" and "instead of seeking the full 25% of past due benefits sought (namely, $13,509.80), counsel will seek only $6,109.80." *Id.* at 2 (citing *Jackson v. Cmm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010)). Plaintiff further attached a statement of attorney time expended (the "Statement of Attorney Time Expended") (Dkt. 18-3). *See* Dkt. 18 at 2. Plaintiff represents that "[Counsel], who is a nationally recognized leading disability attorney with nearly 25 years of experience, charges a **non-contingent** hourly rate of $595.00 consistent with [the Department of Justice's] Laffey Matrix." *Id.* at 4 (emphasis in original).

On December 23, 2022, the Court ordered the Commissioner file a response, if any, to the 406(b) Motion (Dkt. 18) no later than January 6, 2023. *See* Dkt. 19. On January 6, 2023, the Commissioner filed a response contending the Commissioner "would not characterize [Counsel's] rate as unreasonable on its face", as a lodestar analysis of Counsel's hours completed in federal court would result in an hourly rate of $336.88. Dkt. 20 at 3. However, the Commissioner opposes Plaintiff's request to award the net of the EAJA and Section 406(b) fees, as this practice is "contrary to the statutes that authorize and direct the implementation of such fee awards, which direct that a refund of previously paid EAJA fees be made by the attorney to the client . . . ." *Id.* at 1 n.1. On January 13, 2023, Plaintiff filed a reply asserting *Jackson v. Cmm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) allows for the netting of fees and the Commissioner herself has

3

"routinely suggest[ed] that courts award net § 406(b) fees . . . ." Dkt. 21 at 1; *see also* Dkt. 21-1. Plaintiff argues:

> Ultimately, if the Court wishes to issue an order requiring [the Commissioner] to pay [Counsel] $13,509.80 and then refund the prior EAJA fees to [Plaintiff], it can do so. But this seems pointless as [Plaintiff] has not objected, the [Commissioner] cites no circuit authority for its position, and the [the Commissioner] sua sponte recommends to courts to award net § 406(b) fees just as [Counsel] seeks herein.

*Id.* at 2. (emphasis in original).

On May 5, 2023, the Court ordered that by May 19, 2023, Plaintiff provide supplemental briefing as to Plaintiff's calculation of the $54,039.20 award for Plaintiff's past due benefits. *See* Dkt. 22. On May 8, 2023, Plaintiff provided supplemental briefing explaining "[a]s a result of [the Commissioner's] failure to abide by its own policies, claimants' attorneys in situations like this one routinely have to make educated guesses based on rough calculation as to the amount of past due benefits . . . $40,529.30 [in the Notice of Award] should therefore be for 75% of [Plaintiff's] past due benefits." Dkt. 23 at 1–2.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *see also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand). Both sections 406(a) and 406(b) allow a "reasonable" fee for such representation. 42 U.S.C. §§ 406(a)(2)(A)(ii), (iii); 406(b)(1)(A). "Pursuant to 42 U.S.C. §

4

406(b)(1)(A), when a court 'renders a judgment favorable to a claimant . . . who was represented before the court by an attorney,' the court may award 'a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Siebe v. Comm'r of Soc. Sec. Admin.*, No. 5:19-cv-00030, 2021 WL 3493167, at *1 (E.D. Tex. Apr. 19, 2021) (quoting *Fairlee v. Berryhill*, No. 3:17CV00256-JMV, 2020 WL 5535369, at *1 (N.D. Miss. Sept. 15, 2020)). Furthermore, "Congress harmonized the fees payable by the Government under the [EAJA] with fees payable under § 406(b) out of the past-due Social Security benefits [such that] [f]ee awards may be made under both statutes, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186); *see also Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010).

Therefore, the Court turns to whether the request under Section 406(b) was timely made, whether such request is reasonable, and whether the Court may award a net difference of the fees under Section 406(b) and the EAJA.

 **A. Timeliness of the Fee Request**

Any request for fees under Section 406(b) must be timely made. *Pierce v. Barnhart*, 440 F.3d 657, 663–64 (5th Cir. 2006). Because Section 406(b) sets no deadline for the filing of a motion for attorney fees, the Fifth Circuit has concluded that the deadline to file a motion under Section 406(b) is set under Federal Rule of Civil Procedure 54(d)(2), which requires the motion be filed "no later than 14 days after entry of judgment." *Pierce*, 440 F.3d at 663–64; (citing FED. R. CIV. P. 54(d)(2)(B)(I)). Recognizing that it was unlikely a claimant would resolve his claim at the administrative level within fourteen days of the case being remanded, the Fifth Circuit in *Pierce* concluded that the deadline to file a motion for attorney fees could be "extended by order of the

5

court" to allow the plaintiff to file the motion following an award of benefits by the Commissioner. *Id.* at 664; *see also Wilcox v. Astrue*, No. CIV.A. 3:07-365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010) ("Courts routinely entertain § 406(b) requests filed after the 14–day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment, rendering observance of this deadline frequently impractical."). However, the deadline will not be extended indefinitely and the fee request must be made within a reasonable time. *See Charlton v. Astrue*, No. 3:10cv-56, 2011 WL 6325905, at *2 (N.D. Tex. Nov. 22, 2011), *R. & R. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (finding the motion timely when filed within five weeks of the notice of award).

This case was remanded to the Commissioner on July 19, 2021. *See* Dkts. 12, 13. The Commissioner issued the notice of award on July 18, 2022, advising that Plaintiff is entitled to past-due benefits of $54,039.20.[1] *See* Dkt. 18-1 at 1. Counsel filed the 406(b) Motion on October 18, 2022. *See* Dkt. 18. The Commissioner does not address whether the 406(b) Motion was untimely. *See* Dkt. 20.

Counsel did not file the 406(b) Motion (Dkt. 18) within fourteen days of judgment, nor within fourteen days of receiving the Notice of Award (Dkt. 18-1). Rather, Counsel filed the Motion (Dkt. 18) approximately four months after the Notice of Award (Dkt. 18-1). Courts have found motions filed several months, including four months, after a notice of award to be timely. *See Foster v. Astrue*, No. H-09-173, 2011 WL 4479087, at *2 (S.D. Sep. 26, Tex. 2011) (finding the motion timely when filed approximately four months after notice of award, but where the

---

[1] On May 8, 2023, Plaintiff provided supplemental briefing explaining "[a]s a result of [the Commissioner's] failure to abide by its own policies, claimants' attorneys in situations like this one routinely have to make educated guesses based on rough calculation as to the amount of past due benefits . . . $40,529.30 should therefore be for 75% of past due benefits." Dkt. 23 at 1–2. The Court is satisfied with Plaintiff's explanation of her calculations and the Commissioner does not object to this calculation. Furthermore, the Court has independently reviewed Plaintiff's calculations and finds $54,039.20 to be the appropriate total sum of Plaintiff's past-due benefits.

6

Commissioner did not argue the motion was untimely); *Michaelis v. Comm'r of Soc. Sec. Admin.*, No. 3:17-CV-1117-M-BH, 2022 WL 1527541, at *3 (N.D. Tex. Apr. 25, 2022), *R. & R. adopted*, 2022 WL 1524136 (N.D. Tex. May 13, 2022) (finding the motion timely when filed over two years after the notice of award as attorney received a copy of the final notice of approved administrative fees two months before filing the motion) (collecting cases); *cf. Rice v. Astrue*, 831 F. Supp. 2d 971, 982 (N.D. Tex. 2011) (finding the motion untimely when filed one year after notice of award).

As such, the Court finds the 406(b) Motion (Dkt. 18) is timely and proceeds to consider whether the fee request is reasonable.

### B. Reasonableness of the Fee Request

The Court now turns to the amount, if any, Counsel should receive under Section 406(b). Counsel asserts the "Notice of Award indicates that the claimant's past due benefits total $54,039.20 . . . 25% of that amount is $13,509.80." Dkt. 18 at 1. Section 406(b) requires the Court to review the "arrangement as an independent check, to assure that [it] yields reasonable results" in the case. *Gisbrecht*, 535 U.S. at 807. If the contingent fee award is large "in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order" to prevent a windfall to the attorney. *Id.* at 808. The burden is on Counsel to show the requested fee is reasonable. *See id.* at 807 ("The attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Fifth Circuit has recognized factors that should be considered when assessing the reasonableness of an attorney fee award. *See Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). While consideration must be given to the contingency fee agreement, "district courts may consider the lodestar method[, i.e., a reasonable hourly rate multiplied by a reasonable number of hours expended,] in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone

7

cannot constitute *the* basis for an 'unreasonable' finding." *Id.* at 381. Thus, lodestar method is only one factor and *Jeter* guides courts to consider other factors, such as the "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (quoting *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. 2004) (internal citations omitted)). Other factors to consider are the quality of the attorney's representation, whether the attorney engaged in dilatory conduct to increase the amount of past due benefits, and whether the award constitutes a "windfall" for the attorney. *See Steele v. Saul*, No. H-17-3539, 2020 WL 5521255, at *2 (S.D. Tex. Sept. 14, 2020) (citing *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377). "If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381.

Counsel represents he expended a total of 40.1 hours as follows: (a) 4.3 hours of work completed in 2020, including review of the Administrative Law Judge's ("ALJ") decision, the filing of the complaint, and service; and (b) 35.8 hours of work completed in 2021 for review of the hearing transcript, legal research, drafting of the opening brief, conference with the Commissioner, confirmation of remand, and preparation for the filing of the EAJA Motion (Dkt. 14). *See* Dkt. 18-3 at 2–3. In the Statement of Attorney Time Expended (Dkt. 18-3), Counsel further represented that in "an act of billing discretion" Counsel would seek "EAJA compensation for only 37.0 of the hours expended winning this case." *Id.* at 3. It appears this filing was the same used in support of the EAJA Motion (Dkt. 14-1), as it refers to the request for the award under the EAJA. *See* Dkt. 18-3 at 3. Time spent preparing and litigating attorney fees under the EAJA are billable under the EAJA. *See Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing

8

*Powell v. Comm'r*, 891 F.2d 1167, 1170–71 (5th Cir. 1990)); *see also Roy v. Saul*, No. 6:20-CV-373, 2021 WL 7906838, at *2 (E.D. Tex. June 28, 2021) ("Plaintiff correctly notes that time spent preparing for the EAJA petition is billable." (citing *Trichilo v. Sec'y of Health & Hum. Servs.*, 832 F.2d 743, 744 (2d Cir. 1987))). It is unclear to what extent Counsel exercised billing discretion as to the "37.0" hours, but in the Court's review, it appears the time spent preparing the EAJA Motion (Dkt. 14) would be *at most* 2.3 hours. *See* Dkt. 18-3 at 3. Thus, the hours relevant for purposes of the 406(b) Motion (Dkt. 18) would be 37.8 hours.[2] *See* Dkt. 18-3 at 3.

Utilizing the base figure of 37.8 hours with the contingency fee rate of twenty-five percent of past-due benefits, i.e. $13,509.80, the Court calculates Counsel's hourly rate in the present case to be $357.40. The Court finds the hourly rate of $357.40 to be reasonable when compared to rates that have been approved by other courts. *See, e.g.*, *Bartlett v. Comm'r of Soc. Sec. Admin.*, No. 6:16-cv-1292, 2019 WL 13210619, at *2 (E.D. Tex. Oct. 22, 2019) (finding hourly rate of $707.00 was reasonable in light of other factors considered); *Quezada v. Comm'r of Soc. Sec. Admin.*, 2017 WL 3394512, at *3 (E.D. Tex. Aug. 8, 2017) (collecting cases) (finding hourly rate of either $711.41 or $750.69 was reasonable considering the risk of contingency-based rates); *Cullar v. Saul*, No. 7:19-CV-00027-O-BP, 2021 WL 295842, at *3 (N.D. Tex. Jan. 8, 2021), *R. & R. adopted*, 2021 WL 289270 (N.D. Tex. Jan. 28, 2021) (finding hourly rate of $417.65 was reasonable in light of other factors considered); *Williams v. Comm'r of Soc. Sec. Admin.*, No. 3:16-cv-839, 2021 WL 4936233, at *2 (N.D. Tex. Apr. 14, 2021) (collecting cases) (finding hourly rate of $508.25 to be reasonable in consideration of all factors); *Prude v. U.S. Comm'r Soc. Sec. Admin*,

---

[2] The Commissioner's own calculations use the 40.1 hours proposed by Plaintiff. *See* Dkt. 20 at 3. If the Court were to utilize the base figure of 40.1 hours, the resulting calculation of the hourly rate is $336.88. If the Court were to utilize the base figure of 37.8 hours, the resulting calculation of the hourly rate is $357.40. The Court will use the more conservative estimate of $357.40. However, the Court notes it finds both rates are reasonable and this difference in hourly rate of approximately $20.52 does not meaningfully alter the Court's analysis.

9

No. 11-cv-1266, 2014 WL 249033 at *2 (W.D. La. 2014) (hourly fee of $937.50 was reasonable, in light of the other factors considered). Therefore, the Court finds that an hourly rate of $357.40 is a reasonable fee in this matter.

Considering the other factors suggested in *Jeter*, it is clear that Counsel obtained a good result for his client, as the matter was remanded. At the administrative level, Plaintiff was then awarded social security benefits and received an award of past-due benefits. There is no indication that Counsel caused any unnecessary delay in the proceedings at the district court or the administrative level. The amount requested is in accord with the fee agreement signed by Plaintiff. *See* Dkt. 18-1. Counsel assumed the risk that no benefits would be awarded and that he would receive nothing, in exchange for the possibility that he would be paid twenty-five percent of the recovery. *See Jeffery v. Comm'r, Soc. Sec. Admin.*, No. 2:13-cv-263, 2015 WL 4380769, at *2 (E.D. Tex. July 16, 2015) ("It should be further noted that Movant took on the contingency-bases case at considerable risk." (citing *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005); *Wilson v. Astrue*, 622 F. Supp. 2d 132 (D. Del. 2008))). Furthermore, Counsel's extensive experience "is not in doubt." *Watson v. Comm'r, Soc. Sec. Admin.*, No. 2:10-CV-009, 2014 WL 3736467, at *2 (E.D. Tex. July 29, 2014) (citing *Pederson v. Astrue*, No. H-09-919, 2011 WL 1100215, at *2–3 & n.2 (S.D. Tex. Feb. 25, 2011), *R. & R. adopted*, 2011 WL 1043615 (S.D. Tex. Mar. 21, 2011)).

Taking these factors into consideration, the requested fee does not result in a windfall to the attorney because the award of past-due benefits totaling $54,039.20 was the direct result of Counsel's advocacy. Under these circumstances, the contingency fee agreement does not yield an unreasonable fee award. Thus, the Court recommends pursuant to 42 U.S.C. § 406(b), $13,509.80 be made payable to Counsel out of Plaintiff's past-due benefits for representation before the Court in this matter.

The Court next turns to whether fees under the EAJA and Section 406(b) should be awarded as "net" fees as Plaintiff requests or awarded separately, with the lesser award refunded, as the Commissioner contends.

### C. Payment of the Fee Request

In her response, the Commissioner "opposes the practice of awarding 'net fees' as contrary to the statutes that authorize and direct the implementation of such fee awards, which direct that a refund of previously paid EAJA fees be made by the attorney to the client . . . ." Dkt. 20 at 1 n.1. Plaintiff argues *Jackson v. Cmm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) allows for the netting of fees and the Commissioner herself has "routinely suggest[ed] that courts award net § 406(b) fees . . . ." Dkt. 21 at 1; *see also* Dkt. 21-1.

Congress amended the EAJA in 1985 to include the "Savings Provision" "to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—'but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.'" *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

In *Jackson*, the Eleventh Circuit held the Savings Provision "was intended to prevent attorneys from receiving double recovery under both the EAJA and § 406(b)," and "[t]here is nothing in the Savings Provision to indicate that Congress intended to create a refund requirement in cases like this one, where there is no concern that the attorney is obtaining a double recovery." *Jackson*, 601 F.3d at 1272. The Eleventh Circuit rejected the procedure of refunding the lesser award and remanded the case with the direction "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee

11

request." *Id.* at 1274. However, in *O'Donnell*, the Seventh Circuit construed the Savings Provision as firmly providing "statutory discretion to disapprove of the netting practice" and held the "Savings Provision contemplates a refund by the attorney . . . ." *O'Donnell*, 983 F.3d at 957. Similarly, the Tenth Circuit has explained the net awards of fees is "disfavor[e]d" as "'as it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner . . . ." *Martinez v. Berryhill*, 699 F. App'x 775, 776–77 (10th Cir. 2017) (quoting *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006)). Thus, both the Seventh and Tenth Circuits have emphasized that the netting method is *permissible*, but "*disfavored*." *O'Donell*, 983 F.3d at 957 (quoting *Martinez*, 669 F. App'x at 776) (emphasis added).

To date, the Fifth Circuit does not appear to have spoken on the procedure of awarding net fee awards under the EAJA and Section 406(b), and it does not appear any court within the Circuit has squarely addressed the issue. *See Bradford v. Comm'r of Soc. Sec.*, No. 3:18-CV-123-DAS, 2020 WL 5995690, at *3 (N.D. Miss. Oct. 9, 2020) (finding without discussion that the net fee award method appropriate and awarding the difference between the Section 406(b) and EAJA fees (citing *Jackson*, 601 F.3d at 2173)); *Little v. Berryhill*, No. 4:19-CV-00056-JMV, 2021 WL 640909, at *2 (N.D. Miss. Feb. 18, 2021) (same); *Haller v. Kijakazi*, No. SA19CV868FBHJB, 2023 WL 2576446, at *3 (W.D. Tex. Mar. 1, 2023), *R. & R. adopted*, No. SA-19-CA-00868-FB, 2023 WL 2583936 (W.D. Tex. Mar. 20, 2023) (finding "[c]onsistent with Supreme Court precedent, however, counsel should not receive a net fee award" (citing *Gisbrecht*, 535 U.S. at 796)). The Court aligns with the Seventh and Tenth Circuit to find the statutory text provides discretion as to which method should be utilized to award fees under the EAJA and Section 406(b).

While Plaintiff admits the Court has such discretion, Plaintiff avers it is "pointless" as to what method is used. Dkt. 21 at 2. The Court disagrees. EAJA fees are awarded to a prevailing

party against the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (internal quotations and quotation marks omitted). Section 406(b) fees are awarded for successful litigation on behalf of the Social Security benefits claimant and are awarded from "the total of [the claimant's] past-due benefits to which the claimant is entitled by reason of . . . judgment." 42 U.S.C. § 406(b)(1)(A). The respective purposes of the EAJA and Section 406(b) statutes clearly align, but the source of the fee awards and the process by which they are disbursed remain distinct.[3] Thus, in its discretion, the Court finds the proper procedure is to require Counsel refund the lesser award rather than follow the net fee award procedure.

Accordingly, the Court recommends Counsel refund the lesser fees, i.e., the EAJA funds of $7,400.00 in attorney fees and $400.00 in costs previously awarded, to Plaintiff.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the 406(b) Motion (Dkt. 18) be **GRANTED IN PART and DENIED IN PART** as follows: $13,509.80 be made payable to Counsel out of Plaintiff's past-due benefits for representation before the Court in this matter pursuant to 42 U.S.C. § 406(b); and Counsel refund the lesser award of $7,400 attorney fees and $400 in costs under the EAJA to Plaintiff.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

[3] Furthermore, the Savings Provision harmonized EAJA and Section 406(b) fees by allowing attorneys to accept fees under both statutes for the same work, "but only if . . . the claimant's attorney refunds to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985). As such, the statutory framework makes clear that the burden is *on the attorney*, not the Commissioner, to ensure the proper reimbursement of such funds, and it is a misdemeanor for the attorney to fail to do so. *See* 42 U.S.C. § 406(b)(2) ("Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor . . . .").

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 19th day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE